UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NELSON CARLOS DELGADO,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAWN HATTON,<br><br>    Defendant. | Case No. 17-cv-06614-LB<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 5 |

# INTRODUCTION

Nelson Carlos Delgado, a prisoner housed at the Correctional Training Facility in Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 3.)[1] The court dismissed his petition with leave to amend to cure certain deficiencies, and he thereafter filed an amended petition. His amended petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to file an answer to the petition.

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 17-cv-06614-LB

**STATEMENT**

Mr. Delgado's petition, amended petition and attachments provide the following information: After a jury trial in San Francisco County Superior Court, Mr. Delgado was convicted of oral copulation of a child 10 years old or younger by an adult, aggravated sexual assault of a person under 14 by one more than seven years older, forcible lewd act upon a child under 14, and possession of a controlled substance. He pled guilty to a charge of possession of drug paraphernalia. On July 18, 2013, Mr. Delgado was sentenced to a term of 15 years to life in prison.

Mr. Delgado appealed. The California Court of Appeal affirmed his conviction on September 2, 2016. The California Supreme Court denied his petition for review on November 22, 2016.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The amended petition contains three claims for relief. Like the original petition, the amended petition does not cite particular federal constitutional provisions in the claims; the amended petition does, however, include case citations that allow the court to liberally construe the amended petition to note the constitutional bases for Mr. Delgado's claims. First, Mr. Delgado claims that (a) his Fourteenth Amendment due process right to a fair trial was violated when the trial court failed to excuse for cause a juror who formerly had worked as a prosecutor, and (b) his Sixth Amendment right to the effective assistance of counsel was violated when counsel failed to request the removal of the juror who formerly had worked as a prosecutor. Second, Mr. Delgado claims that his Sixth Amendment right to trial by jury was violated because there was juror misconduct in that at least one juror considered extrinsic evidence. Third, Mr. Delgado alleges that

he received ineffective assistance of counsel when trial counsel failed to do a reasonable pretrial investigation regarding a witness' mental health problems.

## CONCLUSION

For the foregoing reasons,

1. The amended petition warrants a response.

2. The clerk shall serve by mail a copy of this order and the amended petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on the petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before **March 2, 2018**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been transcribed previously and that are relevant to a determination of the issues presented by the petitioner.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **March 30, 2018.**

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

7. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: January 5, 2018

_____
LAUREL BEELER
United States Magistrate Judge