UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON CARLOS DELGADO,<br>Petitioner,<br>v.<br>CRAIG KOENIG,<br>Respondent. | Case No. 17-cv-06614-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL AND REQUEST FOR CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 40 |

Petitioner, a *pro se* prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On October 29, 2020, the Court denied the petition for a writ of habeas corpus, denied a certificate of appealability, and entered judgment in favor of Respondent. Dkt. Nos. 56, 57. On December 3, 2020,[2] Petitioner requested that the Court grant him a sixty-day extension of time to file his request for a certificate of appealability. In support of his request, he states that the Court's order denying the petition for a writ of habeas corpus and a certificate of appealability and the related judgment were received by him on November 4, 2020; and access to the law library has been almost non-existent because of COVID-related restrictions. Dkt. No. 40.

---

[1] Petitioner initially named Shawn Hatton as the respondent in this action. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Clerk of the Court is directed to substitute Craig Koenig, the current warden of Correctional Training Facility – Soledad, in place of the previously named respondent because Warden Koenig is Petitioner's current custodian.

[2] Pursuant to the prisoner mailbox rule, because Petitioner is a prisoner proceeding *pro se*, Petitioner's pleadings are deemed filed as of the date submitted to prison authorities for mailing to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding that federal or state habeas petition deemed filed on date submitted to prison authorities for forwarding to court, rather than on date received by court). The Court presumes that Petitioner's motion was submitted for mailing on the day he executed it, December 3, 2020. Dkt. No. 40 at 2.

The Court construes this motion as a request for an extension of time to file both his notice of appeal and his request for a certificate of appealability. Petitioner has shown good cause for the extension of time. Petitioner has also timely requested the extension of time. Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed with district clerk within 30 days after entry of judgment or order appealed from); Fed. R. App. P. 4(a)(5)(i) (motion for extension of time to file appeal must be filed no later than 30 days after the time prescribed by Rule 4(a) expires). The Court therefore GRANTS Petitioner an extension of time to January 4, 2021, to file his notice of appeal and request for a certificate of appealability pursuant to Fed. R. App. P. 4(a)(5)(A)(i). The federal rules of appellate procedure prohibit the Court from granting any further extensions of time. *See* Fed. R. App. P. 4(a)(5)(C) (limiting extensions of time under Rule 4(a)(5) to 30 days after time prescribed by Rule 4(a) expires or 14 days after the date when the order granting the motion is entered, whichever is later).

This order terminates Dkt. No. 40.

**IT IS SO ORDERED.**

Dated: 12/21/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge